## McDONALD *a.* WALSH.

*New York Common Pleas; Special Term, July,* 1857.

ACTION FOR BREACH OF PROMISE. — FORM OF SUMMONS. — AMENDMENT.

In an action for damages for breach of promise to marry, the summons should be drawn in the form prescribed by the *second* subdivision of section 129 of the Code.

McDonald *a.* Walsh.

But on motion to dismiss the action on the ground of irregularity in the summons, in that it is drawn according to the *first* subdivision of section 129, the court may permit the summons to be amended.

Motion to dismiss the action on the ground of irregularity in the summons;—and also to reduce the amount of bail given by the defendant.

This action was brought by Mary Ann McDonald against George Walsh, to recover damages for a breach of promise to marry. The summons was drawn according to subdivision 1 of section 129 of the Code, which was the irregularity relied upon; the defendant contending that subdivision 2 of that section should have been followed.

*John Graham,* for the motion.

*Whitehead & Forman,* opposed.

BRADY, J.—The summons and complaint should have been in conformity to subdivision 2 of section 129 of the Code of Procedure. (Clov *v.* Mallory, 1 *Code R.*, 126 ; Flynn *v.* The Hudson River Railroad Company, 6 *How. Pr. R.*, 308 ; Hyde Park *v.* Teller, 8 *How. Pr. R.*, 504; Trappe *v.* The New York and Erie Railroad Company, 6 *How. Pr. R.*, 237.) The action, though on contract, is one sounding in damages, in relation to the amount of which the defendant is entitled to be heard. The contract itself furnishes no clue to the amount to be recovered, and the defendant would have the right, on a writ of inquiry, to call witnesses to prove any matter, which might properly go to mitigate damages. (Gilbert *v.* Rounds, 14 *How. Pr. R.*, 51 ; Salters *v.* Kipp, 13 *How. Pr. R.*, 342.)

The plaintiff, however, asks leave to amend his summons. Can he be permitted to do so? Justice Mitchell, in Lane *v.* Bearn (1 *Abbotts' Pr. R.*, 65); declares, that the power of the court to amend proceedings before it, is a result of the control which it has over its process and pleadings, and is not conferred by the Code. Justice Mason, with the concurrence of the entire court, declared in McCrane *v.* Moulton (3 *Sandf. S. C. R.*, 736), that section 172 of the Code, allowing a pleading to be once amended as of course, does not apply to a summons, which is not pleading, but process; and that the power of amendment

is conferred by section 173. The power to amend the summons on application is therefore assumed by the Supreme and Superior Courts, and there can be no doubt on the subject. (Blue v. Stout, 3 *Cow.*, 354.) I think that, in addition to the sources of power stated in these cases, it is also given by the latter part of section 174 of the Code, which authorizes the court to permit an amendment, whenever any proceeding by a party fails to conform *in any respect* to the provisions of the Code.

On the merits as suggested at the hearing, I think the bail must be mitigated, and it will be reduced to $1,000.

Order accordingly, with leave to the plaintiff to amend the summons in the respect desired.

No costs to either party on this motion.